GEORGE L. WHITAKER and Another, Copartners Trading as WHITAKER & BACON, Plaintiffs, *v.* EQUITABLE LAUNDRY MACHINE CORPORATION, Defendant.*

Supreme Court, New York County, February 16, 1928.

Indemnity — action on alleged agreement to save plaintiffs harmless against assertion of claims by others arising out of delivery of machine to defendant — plaintiffs were sued in conversion for delivery of machine — complaint states cause of action — notice to defendant of action against plaintiffs not necessary.

The complaint in this action is based on a writing signed by the defendant as follows: " and to release the warehouse and Whitaker and Bacon from any other claims arising from said delivery." The delivery referred to is the delivery of a machine to the defendant. After its delivery the plaintiffs were sued in conversion and recovery had.

The complaint states a good cause of action based on an agreement to indemnify or hold harmless the plaintiffs.

No notice to the defendant of the action against the plaintiffs was necessary. The only effect of failure to give notice is that the presumption of the validity of the judgment creditor's claim is rebuttable.

MOTION by the defendant under rule 106 of the Rules of Civil Practice to dismiss complaint for failure to state a cause of action.

*David D. Glanz* [*Jacob Zelenko* of counsel], for the plaintiffs.

*Milton H. Reuben*, for the defendant.

FRANKENTHALER, J. The complaint appears to be based upon the writing signed by the defendant and reading as follows: " This is to release the Model Laundry from any recourse from us, *and to release the warehouse and Whitaker and Bacon from any other claims arising from said delivery.*" Under the circumstances set forth in the complaint it would seem that the intention of the italicized language above quoted was to save the warehouse harmless against the assertion of claims by others. In *Grant* v. *Lawrence* (79 Hun, 565) the court held that the words " Grant & De Water to be defended from trouble about patents," fairly construed, meant that Grant and De Water were to be indemnified and saved harmless. The court pointed out that in interpreting the language it was necessary to take into consideration the surrounding circumstances and anything else that would throw light upon the intention of the parties. In *Brewster* v. *Countryman* (12 Wend. 446) the vendor had said to the vendee " he would see him out in it." The court held that the language constituted an agreement on the part of the vendor to indemnify the vendee. The complaint

* Affd., 223 App. Div. 881.

alleges that the plaintiffs, after delivering the machine to the defendant, were sued for the conversion thereof and that a judgment was obtained against them which they were compelled to and did pay. The complaint states a good cause of action on the defendant's agreement to indemnify. No notice to the defendant of the action against the plaintiff was necessary. The only effect of failure to give notice is that the presumption of the validity of the judgment creditor's claim is rebuttable, whereas it would have been conclusive had notice and an opportunity to defend been given to this defendant. (*Conner* v. *Reeves*, 103 N. Y. 527.) The motion to dismiss is denied.