KANTOR SILK MILLS, INC., Respondent, *v.* THE CENTURY INSUR-
ANCE COMPANY, LIMITED, OF EDINBURGH, SCOTLAND, Appellant.

First Department, April 27, 1928.

**Insurance — fire insurance — policy void because of false swearing upon
examination of officers of corporation conducted under terms of policy.**

The plaintiff is suing to recover on a fire insurance policy.  Upon an examination
authorized by the policy, the president of the plaintiff and its secretary willfully
testified falsely that certain items were not included in the inventory, which
were in fact included therein, and the president testified falsely as to his prior
fire record.  Both the president and the secretary testified falsely as to the
amount of money paid by the secretary when he acquired a three-fifths interest
in the corporation.  As a result of such false swearing by the officers and sole
owners of the plaintiff, the entire policy became void.

APPEAL by the defendant from a judgment of the Supreme
Court, entered in the office of the clerk of the county of New York
on the 23d day of October, 1926, and also from an order entered
in said clerk's office on the 22d day of October, 1926.

*Walter H. Pollak* of counsel [*Frederic C. Pitcher* and *Ruth I.
Wilson* with him on the brief; *Engelhard, Pollak, Pitcher & Stern,*
attorneys], for the appellant.

*Joseph W. Kirkpatrick* of counsel [*Frank C. Laughlin* and *Thomas
G. Frost* with him on the brief; *Goldstein & Goldstein,* attorneys],
for the respondent.

PER CURIAM.   The evidence discloses that the claim of plaintiff's
fire loss was fraudulently inflated in the proofs of loss made in
plaintiff's behalf.  At an examination of Kantor, plaintiff's presi-
dent, and of Bluth, plaintiff's secretary and treasurer, held pursuant
to the terms of the policy, both of said officials willfully testified
falsely as to several material matters; in particular, that the
inventory delivered by the plaintiff as a part of its proof of loss
did not contain the so-called " Shapiro returns."  Kantor on his
examination testified that he knew the " Shapiro returns " were
not included in the inventory, and that he had checked the same
over twice after it was completed.  The evidence at the trial
discloses the falsity of this testimony.  The Shapiro returns were
included in the inventory, and the subsequent inclusion of the
amount in the plaintiff's alleged fire loss duplicated that item
to the amount of $2,562.20.  Plaintiff's president, Kantor, also
testified falsely as to his prior fire record, and that to his recollection
he had been interested in but one prior fire loss, when, in fact, it
was conceded at the trial that concerns in which Kantor was

interested had had at least three prior fire losses, in two of which Kantor himself had verified the proofs of loss. Both Kantor and Bluth, in their examination in connection with the proofs of loss, willfully testified falsely as to the amount paid by Bluth in acquiring a three-fifths interest in the plaintiff corporation. The falsity of such material testimony given on the examination was admitted at the trial of the action. As the result of such false swearing by the officers and sole owners of the stock of the plaintiff, the entire policy became void, and the trial court erred in denying the motion of the defendant for a dismissal of the complaint, made at the close of the plaintiff's case and renewed at the close of the evidence, and to which denial due exception was taken by defendant.

The judgment and order appealed from should be reversed, with costs, and the complaint dismissed, with costs.

Present — Dowling, P. J., Merrell, Martin, O'Malley and Proskauer, JJ.

Judgment and order reversed, with costs, and complaint dismissed, with costs.