**BOSTON AND MAINE RAILROAD,**
Plaintiff, Appellant,

v.

**BETHLEHEM STEEL COMPANY,**
Defendant, Appellee.

No. 6032.

United States Court of Appeals
First Circuit.

Jan. 4, 1963.

Lawrence R. Cohen, Boston, Mass., for appellant.

Charles F. Barrett, with whom Robert W. Meserve and Nutter, McClennen & Fish, Boston, Mass., were on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

This is an action for indemnity removed from the Massachusetts Superior

848

Court. Plaintiff appellant, Boston and Maine Railroad, is a Massachusetts corporation; defendant appellee, Bethlehem Steel Company, is of Pennsylvania. Railroad maintains a spur track on Massachusetts premises of Bethlehem under a so-called sidetrack agreement, the legality of which is not questioned. New York Central R. R. v. William Culkeen & Sons Co., 1924, 249 Mass. 71, 144 N.E. 96. This agreement contains provisions for indemnity, portions of which are as follows:

"The Shipper [Bethlehem] hereby releases the Railroad from and indemnifies and saves it harmless against all loss, cost, damage or expense, and against any and all claims or suits for property damage, personal injury or death, arising out of or in any way referable to the operation of the Railroad for the benefit of the Shipper over the crossing at grade of the said sidetrack and a driveway as shown marked 'Driveway' on said plan attached unless due to the sole negligence of the Railroad, its agents or servants.

\*    \*    \*    \*    \*    \*

"The Shipper also agrees to indemnify and hold harmless the Railroad for loss, damage or injury from any act or omission of Shipper, its employees or agents, to the person or property of the parties hereto and their employees, and to the person or property of any other person or corporation, while on or about said sidetrack; and if any claim or liability other than from fire shall arise from the joint or concurring negligence of both parties hereto it shall be borne by them equally."

In November 1957 one Stevens, an employee of Bethlehem, was injured while unloading a freight car upon the sidetrack covered by the agreement, as a result of which he received workmen's compensation payments from Bethlehem.

In addition he sued Railroad, alleging that his injuries were the result of Railroad's negligence. Railroad notified Bethlehem of the suit, but made no attempt to vouch it in to defend. Subsequently Railroad settled with Stevens. The settlement required, and received, the approval of the Massachusetts Industrial Accident Board, pursuant to Mass.G.L. c. 152, § 15, and of Bethlehem as a self-insurer. Bethlehem, as self-insurer, received a portion of the proceeds in reimbursement of sums paid by it to Stevens. Thereafter Railroad demanded of Bethlehem indemnification of the amount paid in settlement, plus its costs incurred in handling the claim. Upon Bethlehem's denial of liability, Railroad brought this suit, in four counts. All counts alleged the foregoing facts. Count 1, in addition, alleged that Stevens' injuries were due to Bethlehem's negligence in unloading the car while on its premises and in its control; that Railroad was "exposed to a substantial liability," and that the settlement "was reasonable and prudent in view of said exposure." Count 2 omitted the allegation of legal liability of Bethlehem to Stevens. Counts 3 and 4 are the same as 1 and 2, respectively, except that each contains the further allegation, "Railroad was liable to Stevens for the damages he suffered."

Bethlehem moved to dismiss all counts on the ground that the complaint failed to "state facts which show any legal liability for any payment \* \* \* to \* \* \* Stevens \* \* \* nor \* \* \* [to] allege any act or omission on the part of [Bethlehem] which caused [Railroad] to become liable to \* \* \* Stevens." Following a hearing on this motion the court wrote a memorandum in which it stated that Count 1 was based on the second aspect of the indemnity agreement, and Count 2 on the first. We infer that it made the same distinction between Counts 3 and 4, but it did not address itself to this specifically.[1] The court went on to say that the "critical

---

1. Railroad, on the other hand, says that Counts 1 and 3 are at common law, and

Counts 2 and 4 under the agreement, without specifying which part thereof.

issue" was the failure of Railroad to call upon Bethlehem to defend the suit. In the court's opinion Massachusetts law "is strict in laying down the conditions for an indemnitee's recovery. * * * Massachusetts law requires * * * a notice not merely that the indemnitee is faced with a claim, but also that the indemnitor is invited to take control of that claim." Having made this pronouncement it stated that unless Railroad amended its complaint and filed an affidavit "to meet this vital point" it would entertain a motion for summary judgment. Railroad failing to amend, the court thereafter, "in accordance with the memorandum," gave summary judgment for Bethlehem. This appeal followed.

■ The court made clear what it was doing,[2] but in no way made clear why it should have done so. Unless the indemnity agreement so specifies, neither Massachusetts, nor any other court that we have been able to discover, requires an indemnitee to notify an indemnitor to come in and defend. Indeed, he need not even give notice of the claim. Curtis v. Banker, 1884, 136 Mass. 355. Cf. Conner v. Reeves, 1886, 103 N.Y. 527, 9 N.E. 439; Whitaker v. Equitable Laundry Mach. Corp., 1928, 131 Misc. 505, 227 N.Y.S. 233, aff'd 223 App.Div. 881, 228 N.Y.S. 822. Cf. Carroll v. National Surety Co., D.C.Cir., 1928, 58 App. D.C. 3, 24 F.2d 268. The cases cited by the court involved a quite different situation, whether an indemnitor who had not been called in to defend was concluded by a judgment or settlement made in his absence. This is an entirely different principle, and relates to special, additional consequences attributable to vouching in. See Miller v. United States

Fidelity & Guaranty Co., 1935, 291 Mass. 445, 448–449, 197 N.E. 75; Chicago, R. I. & P. R. Co. v. Dobry Flour Mills, 10 Cir., 1954, 211 F.2d 785, cert. den. 348 U.S. 832, 75 S.Ct. 55, 99 L.Ed. 656. These cases do not indicate that notice is a condition precedent to all liability, and such is not the law.

■■ In this case a motion to dismiss had already been filed. This motion possibly raised very proper objections to inadequacies in the pleading. Where this was the objection the court should have considered that motion rather than have requested counsel to file a motion for summary judgment. Doubtless the court short-cut the matter because of its misconception about the law. But it may be timely to suggest that action on the motion to dismiss would have permitted a broad amendment to the complaint in order to remedy the objections, instead of the limited amendment outlined by the court. Cf. Foman v. Davis, 83 S.Ct. 227.

■■ Until we know what additional matters may be alleged we will make no further comment as to substantive law except, in the light of Bethlehem's description of Railroad as a mere volunteer so far as Counts 1 and 2 are concerned (see Keljikian v. Star Brewing Co., 1939, 303 Mass. 53, 20 N.E.2d 465) to suggest the possibility that Bethlehem may have to disgorge what it received from the proceeds of the settlement even if Railroad proves to be unable to establish a right of indemnity in any other respect. The principle that one paying the debt of another without obligation or request is without relief undoubtedly means that as a mere volunteer he cannot obtain subrogation. But the Massachusetts law as to what circumstances prevent the

---

We need not resolve this question, except to say that on such facts as are presently recited in the complaint we do not see how the first aspect of the agreement, covering operation at the grade crossing, has anything to do with this case.

2. Bethlehem, in this court, seeks to support the district court's action on Counts 3

and 4 on the ground that the complaint failed to allege any substantive facts showing the basis for the assertion that Railroad was liable to Stevens. We must agree with Railroad that there are three plain indicia of the fact that this failure, if improper, did not motivate the action of the court.

characterization of volunteer is not rigid. Cf. Kressler v. Flynn, 1949, 323 Mass. 610, 83 N.E.2d 876. We may particularly question how far the court would go to permit Bethlehem to retain the portion of the settlement which ended up in its pocket. Cf. Chapple v. Merchants National Bank, 1933, 284 Mass. 122, 140, 187 N.E. 232, distinguishing earlier cases. Since the parties have not considered this question, we prefer not to pass on it at this time, but our doubts are sufficient to justify vacating the summary judgment for Bethlehem even as to the counts in which Railroad is not alleged to have been liable to Stevens.

Judgment will be entered vacating the judgment of the District Court and remanding the case for further proceedings not inconsistent herewith.