Bertram A. DRUKER et al., Plaintiffs,
v.
Thomas A. SULLIVAN et al., Defendants,
and
James M. Kelly et al., Intervenors.

Civ. A. No. 71–45–J.

United States District Court,
D. Massachusetts.

Oct. 29, 1971.

Order Nov. 24, 1971.

Roche, Carens & DeGiacomo, Robert J. Sherer, Boston, Mass., for plaintiffs.

John M. Hyson, City of Boston Law Dept., T. H. Martin, Boston, Mass., for defendants.

Michael L. Altman, Boston Legal Assistance Project, Dorchester, Mass., L. Scott Harshbarger, Lawyers' Committee for Civil Rights, S. Stephen Rosenfeld, Boston, Mass., for intervenors.

## MEMORANDUM

JULIAN, Chief Judge.

This case is before the court on plaintiffs' motion for summary judgment and defendants' and defendant-intervenors' motions to dismiss the complaint for failure to state a claim upon which relief can be granted. On March 2, 1971, this Court denied plaintiffs' application for a preliminary injunction in a memorandum of decision reported in Druker v. Sullivan, 322 F.Supp. 1126 (D.Mass. 1971). Having now exhausted administrative remedies before the Boston Rent Board, plaintiffs move, pursuant to Fed.R.Civ.P. 56, for summary judgment on the record as presently developed.[1] In so moving, plaintiffs take the position that if their motion for summary judgment is denied, then the motions to dismiss of the defendants and the defendant-intervenors should be allowed. That is, if, upon the undisputed facts set forth in the pleadings, plaintiffs are not entitled to summary judgment, the Court should logically dismiss the action since nothing further would remain to be presented at trial. The Court does not agree that the respective motions are wholly interdependent, and denies each motion for the reasons which follow.

### Motion for Summary Judgment

In a brief supportive of their motion for summary judgment plaintiffs frame the central issue accurately, viz., whether as a matter of law plaintiffs are entitled to a judgment that the rent control ordinance of the City of Boston, and the action of the Rent Board acting pursuant thereto, so conflicts with a provision of the National Housing Act, 12 U.S.C. § 1715l(d) (3), and the determinations of the Federal Housing Authority as to render the enforcement of the ordinance and action of the Board invalid under Section 2 of Article VI (the supremacy clause) of the Constitution of the United States as an exercise of municipal authority in an area occupied, or pre-empted, by the Federal government. The motion is based upon the record as it appeared on plaintiff's application for a preliminary injunction, with the exception of an affidavit of plaintiff Druker submitted subsequent to the court's decision of March 2, 1971. That affidavit attests to plaintiffs' compliance with procedures of the Boston Rent Board required by Chapter 11 of the Ordinances of 1970 and a final determination of the Board which disapproved of so much of the rent increase authorized by the Federal Housing Authority as exceeded $5 per apartment per month. On the basis of the uncontested facts which now comprise the record, plaintiffs argue that, since no genuine issue of material fact remains for adjudication, their motion for summary judgment should be granted.

■ However, as plaintiffs concede, "[t]he test of whether both federal and state regulations may operate, or the state regulation must give way, is whether both regulations can be enforced without impairing the federal superintendence of the field. * * *" Florida Lime and Avocado Growers v. Paul, 373 U.S. 132, 142, 83 S.Ct. 1210, 1217, 10 L.Ed.2d 248 (1963). The Supreme Court has clearly placed the burden on the proponent of federal preemption to state a strong case: "The principle to be derived from our deci-

---

1. For a detailed statement of the factual background of this action, see Druker v. Sullivan, 322 F.Supp. 1126 (D.Mass. 1971).

sions is that federal regulation of a field of commerce should not be deemed preemptive of state regulatory power in the absence of persuasive reasons—either that the nature of the regulated subject matter permits no other conclusion, or that the Congress has unmistakably so ordained. See, e. g., Huron Portland Cement Co. v. Detroit [362 U.S. 440, 80 S.Ct. 813, 4 L.Ed.2d 852 (1960)] *supra*." *Id.* at 142, 83 S.Ct. at 1217.

█ It cannot be said that plaintiffs, as a matter of law, have stated such a case. To be certain, plaintiff Druker states by affidavit that the effect of the Rent Board's decision "will be to seriously impair the plaintiffs' ability to meet the commitments to the Federal government under their mortgage" (Affidavit of Bertram Druker, paragraph 26). See

Stoneridge Apts., Company v. Lindsay, 303 F.Supp. 677, 680 (S.D.N.Y.1969). However, the mere assertion of impairment of plaintiffs' ability to satisfy their federal debt service obligations hardly qualifies as an undisputed fact upon which a motion for summary judgment may be granted. Rather, the assertion of plaintiff Druker raises what might prove to be the determinative issue in this case. Since it is axiomatic that a motion for summary judgment should be granted only when all the facts entitling the moving party to judgment are admitted or clearly established,[2] and since the alleged impairment of federal debt service obligations raises a genuine issue of material fact which is neither admitted nor clearly established, the Court must deny plaintiffs' motion for summary judgment.[3]

2. See Adickes v. S. H. Kress & Co., 398 U.S. 144, 153–161, 90 S.Ct. 1598, 26 L.Ed.2d 142; 3 Barron & Holtzoff, § 1234 (Wright ed.).

3. In advancing the argument that the issue of impairment requires no further evidentiary development and constitutes a "fact" within the intendment of Fed. R.Civ.P. 56(e), plaintiffs cite Hahn v. Gottlieb, 430 F.2d 1243 (1 Cir. 1970), for the proposition that the approval of rents and charges by the Federal Housing Administration is a matter committed to agency discretion by law, and thus is not subject to judicial review. Plaintiffs then cite a portion of paragraph 4 (d) (1) of the Regulatory Agreement for Limited Distribution Mortgagor Projects Under Section 221(d) (3) of the National Housing Act, as follows: "The Commissioner * * * shall * * * [a]pprove a rental schedule that is necessary to compensate for any net increase, occurring since the last approved rental schedule * * * or * * * [d]eny the increase stating the reasons therefor." It logically follows, argue plaintiffs, that the approved rent schedule is that which is *necessary* for Castle Square. Inasmuch as the determination of necessity by the F.H.A. is beyond judicial review under *Hahn*, and since the Rent Board did place a lower ceiling upon allowable rents at Castle Square, plaintiffs contend, "with no strain of logic," that "anything which is less than that which is necessary is an impairment." While the logic of that view seems unassailable, its

bearing upon the present facts is doubtful. The source of that doubt is the meaning of the word "necessary" as used not only in the quoted excerpt from the regulatory agreement but in 24 C.F.R. 221.531, which provides, in pertinent part:

"(c) *Rents and charges.*
In approving the allowable rents and charges and in passing upon applications for changes, consideration will be given to the following and similar factors:
"(1) Rental income necessary to maintain the economic soundness of the project.
"(2) Rental income necessary to provide a reasonable return on the investment consistent with providing reasonable rentals to tenants."

While concededly the word "necessary," as used in the regulatory agreement, encompasses only compensation for any net increase in taxes (other than income taxes) and operating and maintenance expenses over which owners have no effective control, use of the word in 24 C.F.R. 221.531 plainly contemplates "a reasonable return on the investment consistent with providing reasonable rentals to tenants." "Reasonable return" is an added factor in the formula for determining necessary rent levels under the pertinent federal regulation. The Court, therefore, is without guidance on the present state of the record as to the full import of the F.H.A. determination which, plaintiffs contend, must supersede the action of the Rent Board under Section 2 of Article

*Motions to Dismiss*

It does not follow from the Court's disposition of the plaintiffs' motion for summary judgment that the motions to dismiss the complaint for failure to state a claim upon which relief can be granted should be granted. The argumentative bases of defendants' and defendant-intervenors' motions to dismiss vary, and will be addressed respectively.

Defendant members of the Rent Board and the City of Boston contend that the complaint is defective in its failure to specifically allege that the Board's action impaired plaintiffs' ability to satisfy their financial obligations under the regulatory agreement. By simply stating the existence of the National Housing Act and the existence of the Boston rent control ordinance, and alleging that coexistence is impossible under Section 2 of Article VI of the Constitution and the doctrine of federal pre-emption, plaintiffs are said to have stated an insufficient claim. The defendants, while conceding that paragraph 26 of the Druker affidavit contains the assertion that the Board's decision will "seriously impair the plaintiffs' ability to meet their commitments to the Federal government under their mortgage," seek only to test the formal sufficiency of the complaint.

■■ Prescinding from the jurisprudential underpinning of the liberal pleading requirements of the federal rules,[4] the general willingness of courts subject to those rules to permit leave to replead,[5] and the court's ability to look beyond the complaint itself and advert to items appearing in the record of the case,[6] the Court finds omission of the word "impairment" in the complaint to be inconsequential. The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. Wright

& Miller, Federal Practice and Procedure: Civil § 1357 and cases cited therein. Fed.R.Civ.P. 12(b) (6) is not designed to correct inartistic pleadings or to force compliance with the requirements of Rule 10 as to the form of the pleadings. *Id.* at § 1356. For purposes of a motion under Rule 12(b) (6) plaintiffs' allegation of irreparable damage in that "they will be prevented from collecting the additional rent which the Federal Housing Administration has determined is necessary in order to meet the debt service requirements * * * *" in paragraph 23 of the complaint substantially and sufficiently imparts the meaning of the word "impairment." Therefore, defendants' argument is without merit and their motion to dismiss the action for failure to state a · claim upon which relief can be granted is denied.

■ Defendant-intervenors advance alternative grounds for their motion to dismiss the complaint. First, it is argued that if the facts alleged by plaintiffs are true, then a full remedy is provided by state and local law. In the event that the availability of adequate state judicial remedies does not warrant dismissal of this action, then defendant-intervenors urge that further proceedings be stayed until plaintiffs have utilized their opportunity to seek such redress. Basically, the contention is that this Court should abstain from the exercise of its jurisdiction in the interest of avoiding premature or unnecessary constitutional adjudication of a claim susceptible of appropriate disposition in a state court under state and local law. For reasons now to be explicated, the Court concurs in this view and, while refusing to dismiss the complaint, postpones the exercise of its jurisdiction under Section 2 of Article VI of the Constitution of the United

---

VI of the United States Constitution. Substantial doubt as to precisely what interest of the plaintiffs has been impaired, if any, effectively forecloses the possibility of summary constitutional adjudication.

4. See Wright & Miller, Federal Practice and Procedure: Civil § 1357.

5. See, e. g., Ballou v. General Electric Co., 393 F.2d 398 (1 Cir. 1968); Boston & Maine R.R. v. Bethlehem Steel Co., 311 F.2d 847 (1 Cir. 1963).

6. *Supra*, n. 4.

States, pending definitive state court determination of a potentially dispositive issue in this case, viz., the validity of the action of the Boston Rent Board.

It is first to be noted that, notwithstanding the assertion of plaintiff Druker in paragraph 27 of his affidavit that "[n]o judicial review of the decision of the Board in the courts of Massachusetts is provided by the ordinance or by the enabling statute * * *," judicial review is explicitly made available by M. G.L. c. 40 App., § 1–10, which provides, in pertinent part, as follows:

> "(a) Any person who is aggrieved by any action, regulation or order of the board or the administrator may file a complaint against the board or the administrator in a district court within the territorial jurisdiction of which is located the controlled rental unit affected by such action, regulation or order. * * * Such district court shall have exclusive original jurisdiction over such proceedings. * * All orders, judgments and decrees of such district court may be appealed as is provided in the case of a civil action in such district court." [7]

As the Court observed in Druker v. Sullivan, 322 F.Supp. 1126, 1128 (D.Mass. 1971), the Rent Board, in making adjustments of rent levels, is required to observe "the principle of maintaining rents for housing accommodations at levels which will yield to the landlords a fair net operating income from such housing accommodations." Ordinances, 1970, Ch. 11, § 4(b). The phrase "fair net operating income" as it appears in Chapters 842 and 843 of the Acts of 1970 has been construed by the Massachusetts Supreme Judicial Court so as to include not only all justifiable expenses, e. g., debt service obligations, but to "assure to landlords a reasonable return on their investment." Marshal House, Inc. v. Rent Control Board of Brookline, 1971 Mass.Adv.Sh. 161, 176, 266 N.E.2d 876, 888. If the Rent Board in the pres-

ent case set rents so low as to render plaintiffs unable to satisfy their federal debt service obligations, let alone realize a reasonable return, then not only would such action run afoul of the Boston rent control ordinance but would arguably violate the special enabling act for Boston, Chapter 797 of the Acts of 1969, as amended by Chapter 863 of the Acts of 1970. See Marshal House, Inc. v. Rent Board of Brookline, supra, at 171, 266 N.E.2d 876; Druker v. Sullivan, supra, 322 F.Supp. at 1127–1128. Whether the action of the Boston Rent Board contravened either local or state law, or both, is a matter particularly suited to state court determination. Should that determination be affirmative, plaintiffs will be entitled to the same financial remedy which is the object of this action. Concomitantly, deferral to the appropriate state court subserves the fundamental imperative of avoiding unnecessary or premature constitutional adjudication. See Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 500, 61 S.Ct. 643, 85 L.Ed. 971 (1941); 1 Barron & Holtzoff (Wright ed.), § 64, n. 51. As the Supreme Court has stated, "this principle does not, of course, involve the abdication of federal jurisdiction, but only the postponement of its exercise; it serves the policy of comity inherent in the doctrine of abstention; and it spares the federal courts of unnecessary constitutional adjudication." Harrison v. N.A. A.C.P., 360 U.S. 167, 177, 79 S.Ct. 1025, 1030, 3 L.Ed.2d 1152 (1959); see also Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970) and cases cited.

Therefore, the Court denies defendants' and defendant-intervenors' motions to dismiss, as well as plaintiffs' motion for summary judgment, but, rather than proceeding to a trial on the merits at this time, abstains from the exercise of its jurisdiction pending state court determination of the validity of the action of the Rent Board.

So ordered.

---

7. See also Chapter 863 of the Acts of 1970, amending Chapter 797 of the Acts of 1969, providing for judicial review.

## ORDER OF COURT

Pursuant to the decision of this Court of October 29, 1971, in Druker v. Sullivan, Civil Action No. 71–45–J, it is ordered that the proceedings in said action be, and they hereby are, stayed pending State court determination of the validity of the action of the Boston Rent Board.