BERTRAM A. DRUKER & others *vs.* CITY OF BOSTON & another. September 18, 1972. The plaintiffs sought declaratory relief under G. L. c. 231A in the county court, and the single justice reserved and reported the case without decision. The sole question presented relates to the effect of St. 1970, c. 842, § 3 (b) (3), on the power of the city of Boston to regulate rents. In litigation between the same parties in the Federal courts, the Court of Appeals characterized the cited statutory provision as a "draftsman's corkscrew," and held that the Federal courts should abstain because the question of construction of the statute was for the State courts. *Druker* v. *Sullivan*, 458 F. 2d 1272, 1276–1277 (1st Cir.). See *Hahn* v. *Gottlieb*, 430 F. 2d 1243 (1st Cir.); *Druker* v. *Sullivan*, 322 F. Supp. 1126 (D. Mass.); *Druker* v. *Sullivan*, 334 F. Supp. 861 (D. Mass.). Statute 1970, c. 842, § 2, provides that the act "shall take effect in any city . . . on the thirtieth day following acceptance of its provisions." The parties to the present suit have stipulated that the "City of Boston has never accepted the provisions of Chapter 842 of the Acts of 1970," and both parties therefore urge us to declare that St. 1970, c. 842, has no effect on the power of the city of Boston to regulate rents. The bill must therefore be dismissed because there is no actual controversy as required for relief under G. L. c. 231A, § 1. *Duane* v. *Quincy*, 350 Mass. 59, 62. See *Marshal House, Inc.* v. *Rent Control Bd. of Brookline*, 358 Mass. 686, 691–692. A decree to that effect is to be entered in the county court.

*So ordered.*

*Robert J. Sherer* for the plaintiffs.
*Thomas H. Martin*, Assistant Corporation Counsel, for the defendants.