■ CHUBB & SON INC. et al., Appellants, v PIO CONSOLI et al., Defendants, and MELVIN STEINBERG et al., Respondents. [726 NYS2d 398] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered October 19, 2000, which denied plaintiffs' motion for partial summary judgment on their first cause of action for fraud, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment in favor of plaintiff Chubb & Son Inc., against defendants Melvin and Marsha Steinberg in the amount of $148,314.25 plus interest from July 29, 1988, and against defendants Sidney and Elsie Stein in the amount of $46,086.48 plus interest from February 26, 1988, and $20,925 plus interest from August 12, 1988.

This action is the aftermath of the conviction of Seymour B. Berson, a public adjuster, in Federal court on charges of mail and tax fraud in connection with a scheme in which he would fraudulently inflate insurance claims to increase his fee, ordinarily a percentage of the payment received by the insured. As part of this fraud, Berson had an arrangement with Nicholas Addesa, a former claim representative of plaintiff-appellant Chubb & Son Inc., an insurance company that controls Sea Insurance Company of America and Vigilant Insurance Company (collectively Chubb), by which Berson would pay Addesa to approve fraudulent claims. Addesa was convicted of defrauding Chubb.

Defendants Melvin and Marsha Steinberg (the Steinbergs) and Sidney and Elsie Stein (the Steins) held homeowner insurance policies issued by Chubb, and hired Berson, who worked through Jack DuBoff Associates, Inc., a company he owned and controlled, to prepare their claims for damages. Among other things, the policies contained the following "Concealment or Fraud" provision:

"We do not provide coverage for any insured who has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance."

On July 27, 1988, the Steinbergs signed two sworn state-

ments in proof of loss prepared by Berson, claiming a total of $148,564.25 in losses due to a fire at their house on June 13, 1988. On July 29, 1988, Chubb issued two checks totaling $148,314.25 to the Steinbergs, which checks they endorsed and deposited into their joint bank account. On February 3, 1988, the Steins also signed two sworn statements in proof of loss prepared by Berson, claiming losses due to damage from a broken water pipe, in the total amount of $46,086.48. In addition, on August 4, 1988, the Steins signed a sworn statement in proof of loss, claiming damages from a windstorm in the amount of $20,925. Chubb issued two checks totaling $46,086.48, on February 26, 1988, and a check for $20,925, on August 12, 1988, which checks the Steins endorsed and deposited into their joint bank account.

Berson admitted that the claims for both the Steinbergs and the Steins were deliberately inflated. Addesa admitted that based on the time frame, the claims for the Steinbergs and the Steins were "probably inflated," although he could not remember them specifically.

As a result of the Berson frauds, Chubb brought this action on July 12, 1994 against 22 insureds to recover amounts paid pursuant to their policies. After all the claims except those against the Steins and the Steinbergs were settled, Chubb moved for partial summary judgment on its common-law fraud claim on November 19, 1999. The IAS court denied the motion, finding "no law in New York that imposes absolute liability on an insured for the fraudulent acts of its adjuster." Chubb's motion should have been granted.

Defendants do not dispute the well-settled rule that a principal, even if innocent, is liable for acts of fraud that are within the scope of an agent's actual or apparent authority (*see*, 2A NY Jur 2d, Agency §§ 290, 291). Nor do defendants dispute that this general principle is the same in the insurance context so that: "[A] principal who has expressly or impliedly appointed another person to make proof of loss under an insurance policy is barred from recovery, under a policy which provides that it shall be void for fraud or false swearing of the insured after the loss, where the agent is guilty of fraud or false swearing in or in connection with the proof of loss; and this is so even though the insured is ignorant of the misrepresentation and innocent of any intent to deceive or defraud, and [even when] the act of the agent is to the detriment rather than the benefit of the insured." (70A NY Jur 2d, Insurance § 1887, citing *Kantor Silk Mills v Century Ins. Co.*, 223 App Div 387.) In addition, defendants do not dispute that Berson

was their agent, whom they hired as their public adjuster to prepare, submit, negotiate and settle their insurance claims (*see,* Insurance Law § 2101 [g] [2]). Instead, defendants argue that public adjusters should be exempt from general agency principles. Defendants, however, offer no reason, and we find none, to justify such an exemption. Thus, since Berson was acting within the scope of his authority when he submitted the fraudulently inflated claims, along with the sworn proofs of loss defendants signed (*see, Hatton v Quad Realty Corp.*, 100 AD2d 609, 610, *lv denied* 63 NY2d 608), and defendants were the primary beneficiaries of his fraud (*see, Center v Hampton Affiliates,* 66 NY2d 782, 784-785), defendants are liable for his actions.

The adverse agent rule, which relieves a principal of liability when the agent totally abandons the principal's interests and acts entirely for his or another's purposes, does not help defendants. Since Berson fraudulently inflated defendants' claims, he did not abandon their interests. In contrast, Addesa did abandon Chubb's interests since his actions caused Chubb to pay more than was reasonable for the claims (*see, City of New York v Corwen,* 164 AD2d 212, 218). That Addesa could not remember defendants' claims specifically raises no triable issue of fact, given Berson's unrefuted testimony that he bribed Addesa in exchange for Addesa's approval of the fraudulently inflated claims, and Addesa's admission that he participated in the ongoing scheme. In addition, the Steinbergs themselves admitted that an inventory prepared by Berson's office was inflated.

Finally, the "Concealment or Fraud" provision precludes defendants from obtaining any recovery under their policies as the claims submitted by Berson, in his capacity as their agent, were fraudulent (*see, Astoria Quality Drugs v United Pac. Ins. Co.,* 163 AD2d 82 [fraud provision applied to misrepresentation made after loss]). Chubb, therefore, is entitled to full recovery of the claims paid.

We have considered defendants' other arguments and rejected them. Concur—Rosenberger, J. P., Nardelli, Andrias and Saxe, JJ.