■ LATHA RESTAURANT CORP., Doing Business as MARATHON DINER, Appellant, v TOWER INSURANCE COMPANY, Respondent. [831 NYS2d 411]—

Order, Supreme Court, Bronx County (Nelson S. Roman, J.), entered January 19, 2006, which, in this action to recover insurance proceeds, granted the motion of defendant Tower Insurance Company for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Plaintiff's proof of loss statement included duplicative items, items in which it demonstrably had no insurable interest and a representation of loss attributable to the expense of debris removal, an expense it later admitted it never incurred. Even if these items were credited, plaintiff's demonstrated losses amounted to only $275,000. The nearly $400,000 remainder of plaintiff's claimed loss in its proof of loss statement remains unaccounted for and unexplained. Overvaluation of insured property raises a presumption of fraud in proportion as to the excess, and such presumption becomes conclusive where, as here, the insurer demonstrates that the difference between the amounts claimed in the proof of loss and the losses actually shown to have been sustained are grossly disparate and without reasonable explanation (*see Saks & Co. v Continental Ins. Co.*, 23 NY2d 161, 165 [1968]).

Plaintiff's attempt to attribute the gross disparity here at issue solely to its public adjuster is unavailing under agency principles. The adjuster was acting within the scope of his authority when he submitted the claims. Moreover, plaintiff signed the sworn proof of loss, and was the primary beneficiary of the representations contained therein (*see Chubb & Son v Consoli*, 283 AD2d 297 [2001]).

Finally, plaintiff's refusal to provide requested information material and relevant to defendant's investigation of the claimed loss breached the cooperation clause of the policy, and, on that basis alone, coverage may be disclaimed (*see Evans v International Ins. Co.*, 168 AD2d 374, 374-375 [1990]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Friedman, J.P., Nardelli, Gonzalez, McGuire and Malone, JJ.