Otsego Mut. Fire Ins. Co. v Dinerman (2018 NY Slip Op 03101)





Otsego Mut. Fire Ins. Co. v Dinerman


2018 NY Slip Op 03101


Decided on May 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2018

Renwick, J.P., Tom, Andrias, Webber, Kahn, JJ.


158600/15 6408 6407

[*1]Otsego Mutual Fire Insurance Company, Plaintiff-Respondent,
v
Sally Dinerman, et al., Defendants-Appellants, Tower Insurance Company of New York, et al., Defendants.


Michael Konopka & Associates, P.C., New York (Michael Konopka of counsel), for Sally Dinerman, appellant.
Melvin B. Berfond, New York, for Ira Dinerman, appellant.
Tell, Cheser & Breitbart, Garden City (Kenneth R. Feit of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Arthur F. Engoron, J.), entered April 28, 2017, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment declaring that defendant Sally Dinerman violated the "Misrepresentation, Concealment or Fraud" condition of the homeowners' insurance policy issued by plaintiff, rendering the policy void in its entirety as to her and, other than as to fire insurance coverage, as to her husband, defendant Ira Dinerman, and declaring that Ira Dinerman's failure to file a timely proof of loss is an absolute defense to his claim for fire insurance coverage; declaring that plaintiff has no obligation to defend or indemnify Sally Dinerman or Ira Dinerman under the policy in connection with pending or future subrogation actions; and awarding plaintiff a sum of money as against Sally Dinerman; and denied Ira Dinerman's motion for summary judgment, for leave to amend his answer, and to reform the policy, except to make it comply with Insurance Law § 3404(e), unanimously affirmed, without costs. Order, same court and Justice, entered September 15, 2017, which, to the extent appealed from as limited by the briefs, denied Sally Dinerman's motion for leave to renew, unanimously affirmed, without costs.
Plaintiff established prima facie that defendant Sally Dinerman (Sally) violated the misrepresentation, fraud and concealment provision of the homeowner's insurance policy it issued to her, that her violation was willful and intentional, and that, accordingly, the policy was properly voided as to her and she is liable to plaintiff for amounts paid thereunder (see Saks & Co. v Continental Ins. Co., 23 NY2d 161, 165 [1968]; Latha Rest. Corp v Tower Ins. Co., 38 AD3d 321 [1st Dept 2007], lv denied 9 NY3d 803 [2007], cert denied 552 US 1010 [2007]).
In opposition, Sally argues that any misrepresentations were not material given the de minimus amount at issue. However, that she managed to defraud plaintiff of only a relatively small amount of money before her wrongful conduct came to light does not lend itself to the conclusion that she otherwise intended to stop submitting receipts for "reimbursement" of living expenses that she did not incur. Further plaintiff should not be penalized for its diligent detection of Sally's fraudulent scheme.
Defendant Ira Dinerman's (Ira) motion to reform the policy was properly determined. Under Insurance Law § 3404(e), Ira's fire insurance coverage was not voided by his wife Sally's fraudulent acts. However, as to liability coverage, the policy was properly enforced against him [*2]as written (see Lane v Security Mut. Ins. Co., 96 NY2d 1, 6 [2001]). Contrary to his argument, the policy is not ambiguous; its language has a "definite and precise meaning, unattended by danger of misconception" (see Selective Ins. Co. of Am. v County of Rensselaer, 26 NY3d 649, 655 [2016]).
Ira's failure to file proof of loss, either within the time specified in plaintiff's demand or otherwise, is a complete defense to any claim for coverage (see Anthony Marino Constr. Corp. v INA Underwriters Ins. Co., 69 NY2d 798 [1987]; Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn., 63 NY2d 201 [1984]; Insurance Law § 3407[a]). Sally's two proofs of loss cannot be deemed to have been submitted "for the benefit of all" (Della Porta v Hartford Fire Ins. Co., 118 AD2d 1045, 1047 [3d Dept 1986]), given her sworn statement in each that no person other than she had a right, title, claim to, or interest in the lost property or insurance proceeds (cf. Kenneth v Nationwide Mut. Fire Ins. Co., 2007 WL 3533887, *10-11, 2007 US Dist LEXIS 83973, *29-33 [WD NY, Nov. 13, 2007]).
Ira's proposed amendments to his answer do not overcome these barriers to coverage.
The new facts offered on Sally's motion for leave to renew do not change the prior determination (CPLR 2221[e][2]).
We have considered Sally's and Ira's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 1, 2018
CLERK