■ In the Matter of the Estate of JOHN A. DONOVAN, Deceased. JOSEPH P. McGLINN, Appellant-Respondent; VINCENT S. DONOVAN, Respondent-Appellant.—In a probate proceeding, the parties cross-appeal from a decree of the Surrogate's Court, Rockland County, dated November 16, 1973, as follows: (1) proponent appeals from so much of the decree as (a) adjudged that the testator was not competent to dispose of his estate at the time of his execution of the purported will and (b) dismissed the petition and denied probate to that purported will and (2) objectant appeals from the decree insofar as it failed to adjudge that the execution of the purported will was caused or procured by undue influence. Proponent also appeals from an order of the same court, dated October 15, 1973, which denied his motion to set aside the verdict and for the entry of a decree admitting the said purported will to probate. Objectant also appeals from a decision of the same court which denied his motion for a directed verdict as to certain framed issues. Appeal from the decision dismissed. No appeal lies from a decision. Decree reversed insofar as appealed from, and order reversed, on the law and the facts and in the interest of justice, and new trial granted as to the framed issues of testamentary capacity and undue influence, with costs to abide the event, payable out of the estate. The special verdict that the testator was not competent to dispose of his property at the time of his execution of the purported will is against the weight of the evidence. We believe that the jury's verdict on this issue, notwithstanding the paucity of evidence of incapacity, was the result of an improper compromise. The residuary legatee of this substantial estate under the terms of the will offered for probate is the Pastor of the testator's parish church. He attended to many of the testator's personal affairs in his last years and, in fact, introduced the testator to the attorney who prepared the purported will. That instrument was executed nine days before the testator entered the hospital with advanced arteriosclerosis and less than three months before his death at the age of 85. Given this background and the lack of proof

regarding incapacity, it is our opinion that the jury never fully considered the issue of undue influence. There is no other logical explanation for the special verdicts herein. Consequently, a new trial is required as to the issues of testamentary capacity and undue influence. We note, however, that the making of separate determinations by the jury as to the issues of testamentary capacity and undue influence should not preclude it from considering the testator's mental, emotional or physical condition in deciding whether he had succumbed to undue influence (26 Carmody-Wait 2d, NY Practice, § 152:144). Nor does the requirement of separate determinations prevent its consideration of the nature of the disposition of the testator's estate as one of the factors in deciding whether he had been of sound mind at the time of his execution of the purported will (cf. *Matter of Wood,* 253 App Div 78, 84). Latham, Acting P. J., Cohalan, Brennan and Munder, JJ., concur.