In the Matter of GRAND JURY SUBPOENA. LASHANDA NOWLIN, Appellant; THE PEOPLE OF THE STATE OF NEW YORK, Respondent. [767 NYS2d 77]—

Order, Supreme Court, New York County (John Cataldo, J.), entered on or about August 19, 2003, which denied the motion of petitioner's counsel to quash a subpoena served on him to require his production of documents and his appearance as a witness in connection with a criminal action, unanimously modified, on the law, the motion to quash granted to the extent of deleting item number 3 of the document requests in the subpoena, and otherwise affirmed, without costs.

Petitioner is suspected of providing movant, her counsel, with documents falsely backdated so as to exonerate her of the commission of an offense or offenses for which she has been indicted. The motion court properly declined to quash the subpoena insofar as it requested documents already produced to

the People, any claim of privilege having been waived by the prior production (*see New York Times Newspaper Div. of New York Times Co. v Lehrer McGovern Bovis*, 300 AD2d 169, 172 [2002]). As for the originals of the subject documents (assuming the ones produced in court were copies), and as to any oral communications that petitioner made to movant with reference to the documents, the People have persuasively shown that the crime-fraud exception applies, since the record demonstrates that there exists a factual basis for a showing of probable cause to believe that a fraud or crime has been committed, and that the communications in question were in furtherance of such fraud or crime (*see United States v Jacobs*, 117 F3d 82, 87 [1997]). The subpoena's demand for "any medical records provided by [petitioner] to [movant] at any time," however, should have been quashed because the record does not indicate that there is probable cause to believe that a fraud or crime was committed each time a medical document was exchanged between petitioner and movant, or that there is probable cause to believe that communications in connection with each of those documents—however many there may have been—were in furtherance of a fraud or crime (*cf. id.*; *see also In re Richard Roe, Inc.*, 168 F3d 69, 71 [1999]). Concur—Nardelli, J.P., Tom, Ellerin, Lerner and Friedman, JJ.