■ JOEL Z. DRIZIN et al., Respondents, v SPRINT CORPORATION et al., Appellants. [771 NYS2d 82]—

Order, Supreme Court, New York County (Richard Lowe, III,

J.), entered on or about October 16, 2002, which denied defendants' motion to dismiss the complaint, unanimously affirmed, with costs. Order, same court and Justice, entered July 8, 2003, which, on the ground of work product privilege, denied, in part, defendants' motion to compel compliance with a subpoena duces tecum issued to plaintiff's nonparty investigator, unanimously modified, on the law and the facts, to grant the motion insofar as to direct the investigator's production of all tape recordings and transcripts, made while he was in plaintiff's employ, of his communications with defendants' employees, and otherwise affirmed, without costs.

The complaint in this putative class action seeks to recover damages allegedly attributable to defendants' admitted practice of maintaining numerous toll-free call service numbers identical, but for one digit, to the toll-free call service numbers of competitor long-distance telephone service providers. This practice generates what is called "fat fingers" business, i.e., business occasioned by the misdialing of the intended customers of defendant's competing long-distance service providers. These customers, seeking to make long-distance telephone calls, are, by reason of their dialing errors and defendants' many "knock-off" numbers, unwittingly placed in contact with defendant providers rather than their intended service providers, and it is alleged that, for the most part, they are not advised of this circumstance prior to the completion of their long-distance connections and the imposition of charges in excess of those they would have paid had they utilized their intended providers. These allegations set forth a deceptive and injurious business practice affecting numerous consumers and, accordingly, sufficiently state a cause of action under General Business Law § 349 (see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25-26 [1995]). In addition, insofar as they set forth a scheme pursuant to which naturally arising misperceptions deliberately occasioned by defendants' conduct have been utilized by defendants to extract from plaintiff and the purported plaintiff class charges that they would not otherwise have incurred, they state with sufficient particularity (see Lanzi v Brooks, 43 NY2d 778 [1977]) the elements of a claim for common-law fraud (see Channel Master Corp. v Aluminum Ltd. Sales, 4 NY2d 403 [1958]).

Plaintiff's assertion of the work product privilege with respect to records of the inquiries of his counsel's investigator in contemplation of litigation has been waived by plaintiff's affirmative use of selected, purportedly representative, tape recordings and transcripts of the investigator's calls to

defendants' "knock-off" numbers (*see Green v Montgomery*, 95 NY2d 693, 699-700 [2001]). Even if the privilege had not been waived, defendants would still be entitled to the materials sought from plaintiff's investigator, because they "ha[ve] substantial need of [them] in the preparation of the case and [are] unable without undue hardship to obtain the substantial equivalent of the materials by other means" (CPLR 3101 [d] [2]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Tom, J.P., Williams, Marlow and Gonzalez, JJ.