**FAITH TEMPLE CHURCH, Plaintiff,**

v.

**TOWN OF BRIGHTON,**
**et al., Defendants.**

No. 04–CV–6355L.

United States District Court,
W.D. New York.

Dec. 9, 2004.

Ann-Marie Luciano, David L. Cook, Nixon Peabody LLP, Rochester, NY, for Plaintiff.

John M. Wilson, II, Boylan, Brown, Code, Vigdor & Wilson, LLP, Rochester, NY, for Defendants.

## DECISION AND ORDER

LARIMER, District Judge.

By letter dated November 17, 2004 (Docket # 40), counsel for defendants in this action requested that I recuse myself from this case because my son has been offered, and has accepted, an associate position with the law firm of Nixon Peabody LLP, which represents plaintiff. In response to the Court's directives, plaintiff has responded by way of an affidavit of counsel, setting forth certain information concerning my son's prospective employment at Nixon Peabody. Defendants' motion is denied.

The relevant statute, 28 U.S.C. § 455, provides in pertinent part that a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," or if "[h]e or his spouse, or a person within the third degree of relationship to either of them" is "acting as a lawyer in the proceeding" or "is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding ...." 28 U.S.C. §§ 455(a), (b)(5)(ii), (b)(5)(iii). A judge's son is within the third degree of relationship to the judge. *See Matter of Hatcher,* 150 F.3d 631, 636 (7th Cir.1998).

None of those provisions apply here. Although defendants' counsel apparently failed to make inquiry of opposing counsel concerning the circumstances of my son's hiring, he now concedes after reviewing plaintiff's counsel's affidavit that, "this is not likely a situation where mandatory disqualification is required under the provisions of 28 U.S.C. § 455(b)." Counsel continues to suggest, though, that recusal under § 455(a) would be appropriate. Docket # 44 at 1. Since defendants' original recusal motion cited both subsections (a) and (b), however, I will address them both.

■ First, with respect to § 455(b)(5)(ii), my son is clearly not "acting as a lawyer" in this action. Plaintiff's counsel states in his affidavit, the accuracy of which is not in dispute, that my son has no prior affiliation with Nixon Peabody, and that he will not be involved in this litigation in any way after he begins working there in January 2005. David L. Cook Aff. (Docket # 42) ¶¶ 4–7. *See United States ex rel. Weinberger v. Equifax, Inc.,* 557 F.2d 456, 463 (5th Cir.1977) (that district judge's son's law firm represented defendant did not mean that son was "acting as a lawyer in the proceeding," since § 455(b)(5)(ii) "requires actual participation" by the family member, and here judge's son did not actively participate in party's defense), *cert. denied,* 434 U.S. 1035, 98 S.Ct. 768, 54 L.Ed.2d 782 (1978).

■ Second, my son does not "have an interest that could be substantially affected by the outcome" of this case. "Courts have consistently held that a judge's kin does not have an 'interest that could be substantially affected' when he or she is only an associate, as opposed to a partner, in a law firm representing a party to the action and does not actively participate in the proceeding." *Cloverdale Equipment Co. v. Manitowoc Engineering Co.,* 964 F.Supp. 1152, 1155 (E.D.Mich.1997) (citing *Weinberger,* 557 F.2d 456), *aff'd,* 149 F.3d 1182 (table), 1998 WL 385906 (6th Cir. 1998); *see also In re Mercedes–Benz Antitrust Litigation,* 226 F.Supp.2d 552, 555 (D.N.J.2002) ("It appears to be settled that employment as an associate usually will not involve such an interest"); Leslie W. Abramson, *The Judge's Relative is Affiliated with Counsel of Record: The Ethical Dilemma,* 32 Hofstra L.Rev. 1181, 1197 (2004) ("Case law generally shows a judicial reluctance to disqualify when the judge's lawyer-relative is merely affiliated

with a law firm but is not a partner") (footnote omitted).

The rationale for this is simple: whereas "[t]he 'financial interest' provision might apply if the district judge's son were a *partner* in the firm[,] ... his status as an associate removes that fear. His salary interest as an associate is too remote to fall under this 'financial interest' prohibition." *Weinberger,* 557 F.2d at 463 (emphasis added; citation omitted); *accord In re Kansas Public Employees Retirement Sys.,* 85 F.3d 1353, 1358 (8th Cir.1996) (although district judge's daughter had accepted an offer of employment from a law firm involved in the litigation before him, judge was not required to recuse himself because (1) daughter was not presently involved in the litigation; (2) her employment would not ripen until sometime in the future; and (3) she would be a salaried associate and as such could not be substantially affected by the outcome of the case); *United States v. Edwards,* 39 F.Supp.2d 692, 713 (M.D.La.1999) (denying motion to recuse because judge's son was an associate in a firm representing a codefendant, since son was not enrolled as counsel in the case, would not work on case in the future, and was an associate, not an equity partner, in the firm).[1] Since my son will be employed as an associate attorney at Nixon Peabody, there is no reason to think that he will have any interest that could be substantially affected by the outcome of this litigation.[2]

■ Finally, under all the circumstances here, I do not believe that recusal is warranted under § 455(a). The Second Circuit has explained that an appearance of partiality requiring disqualification under § 455(a) results when the circumstances are such that: (1) a reasonable person, knowing all the facts, would conclude that the judge had a disqualifying interest under § 455(b), and (2) such a person would also conclude that the judge knew of that interest and yet heard the case. *Chase Manhattan Bank v. Affiliated FM Ins. Co.,* 343 F.3d 120, 128 (2d Cir.2003). "In short," the court concluded, § 455(a) applies "when a reasonable person would conclude that a judge was violating" § 455(b). *Id.*[3]

---

1. I note that the Second Circuit has held that even where a judge's relative is a *partner* in a law firm that is involved in litigation before the judge, recusal is not automatic, but depends upon a factual inquiry into whether the relative has an interest that could be substantially affected by the outcome of the case. *Pashaian v. Eccelston Properties, Ltd.,* 88 F.3d 77, 83 (2d Cir.1996) (observing that "[i]t would simply be unrealistic to assume ... that partners in today's law firms invariably 'have an interest that could be *substantially affected* by the outcome of' any case in which any other partner is involved"). The court in *Pashaian* held that the district judge in that case reasonably concluded that his wife's brother, who was a partner in a firm that represented some of the defendants in the case, would not be substantially affected by the outcome of the case, given the size of the firm (60 partners), its gross annual revenues of $117.5 million, and the comparatively small amount (roughly $2 million) at stake in the litigation.

2. I note that in 2003, the *National Law Journal* ranked Nixon Peabody as the 49th largest law firm in the United States, with 639 lawyers total. *See* "The NLJ 250," *National Law Journal,* Nov. 24, 2003, at S9. This underscores the fact that the viability of the Nixon Peabody firm is certainly not dependent on the outcome of the case before the Court.

3. The court in *Chase Manhattan* specifically stated that § 455(a) applies if a reasonable person would believe, even if mistakenly, that the judge had a disqualifying interest under § 455(b)(4), which generally applies when the judge has a financial interest in the subject matter or in a party to the proceeding. It appears that the court's specific reference to subsection (b)(4) was based on the facts of that case, in which the district judge had an equity interest in one of the parties at the time

For the reasons already stated, I am not disqualified under § 455(b), nor do I believe that a reasonable person, being aware of all the circumstances, would conclude that my "impartiality might reasonably be questioned" in this case by virtue of my son's prospective employment at Nixon Peabody. I recognize that the fact that a judge is not disqualified under § 455(b), is not, in itself, necessarily dispositive, since a judge must still determine whether a reasonable observer might *think*-even if incorrectly-that the judge does have a disqualifying interest. *Id.; In re Certain Underwriter*, 294 F.3d 297, 306 (2d Cir.2002) ("Even where the facts do not suffice for recusal under § 455(b), however, those same facts may be examined as part of an inquiry into whether recusal is mandated under § 455(a)"); *Weinberger*, 557 F.2d at 463 (even if judge is not disqualified under § 455(b), he should still "determine whether a reasonable man would conclude that the district judge should recuse himself"). *But see United States v. Lauersen*, 348 F.3d 329, 336 (2d Cir.2003) ("The care with which [the provisions of § 455(b)(5) ] are drafted should make a court hesitate to treat the general language of § 455(a) as a bar to judicial service whenever a relative has 'something to do with' a party . . . ") (quoting *In re National Union Fire Insurance Co. of Pittsburgh, Pennsylvania*, 839 F.2d 1226, 1229 (7th Cir.1988)).

Given the facts set forth above, however, I conclude that recusal under § 455(a) is not warranted here. The simple facts are that my son has not even begun working at Nixon Peabody, and that when he does begin working there, it will be as a salaried associate with no financial stake in the outcome of this case, and with no involvement in the actual litigation of this matter. I do not believe that anyone could reasonably conclude, on those facts, that my impartiality in this case is open to question. *See Weinberger*, 557 F.2d at 464 (finding no abuse of discretion in district judge's conclusion that there was no justification for recusal under § 455(a)); *Cloverdale Equip.*, 964 F.Supp. at 1155 ("This court has determined that the instant case can be decided in a fair and unbiased manner, and that reasonable persons would not question the judge's impartiality").

Having reached that determination, I have not only the option, but in fact the obligation, not to recuse myself from presiding over this case. As the Second Circuit has observed, a "judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir.1988), *cert. denied*, 490 U.S. 1102, 109 S.Ct. 2458, 104 L.Ed.2d 1012 (1989); *see also In re Aguinda*, 241 F.3d 194, 201 (2d Cir.2001) ("where the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited").

## CONCLUSION

Defendants' motion for recusal (Docket # 40) is denied.

IT IS SO ORDERED.

---

of the bench trial, although he did not realize it at the time. The court's reasoning would seem to apply, though, whenever a reasonable person might believe that the judge was disqualified under *any* part of § 455(b).