■ POSITIVE INFLUENCE FASHIONS, INC., Respondent, v SENECA INSURANCE COMPANY, Appellant. [843 NYS2d 556]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered March 13, 2007, which, to the extent appealed from as limited by the briefs, denied so much of defendant's motion as sought summary judgment dismissing the complaint or striking of the complaint on ground of spoliation of evidence, unanimously affirmed, with costs.

Defendant did not sustain its burden of showing that plaintiff insured's alleged misrepresentations were, in fact, willful and intentional (*see Kyong Nam Chang v General Acc. Ins. Co. of Am.*, 193 AD2d 521 [1993]). There is a question of fact at least as to whether plaintiff made its claim of near-total loss of goods to smoke damage in good faith after persons in the garment industry, as well as the public adjuster, opined that smoke damage to any of the stock made all the goods in plaintiff's building unsaleable. Likewise, defendant did not show, beyond any doubt as to the existence of a material issue of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]), that disputes between plaintiff's president and defendant's accountant amounted to an outright "refusal to provide requested information material and relevant to defendant's investigation of the claimed loss" (*Latha Rest. Corp. v Tower Ins. Co.*, 38 AD3d 321, 322 [2007], *lv denied* 9 NY3d 803 [2007]). Finally, regardless of whether some lesser sanction for spoliation of evidence might prove warranted in the future due to plaintiff's disposal of documents at a time when defendant's counsel was seeking documentation, the extreme sanction of dismissal of the complaint is not warranted (*see Marro v St. Vincent's Hosp. & Med. Ctr. of N.Y.*, 294 AD2d 341 [2002]). Concur—Mazzarelli, J.P., Saxe, Friedman, Marlow and Williams, JJ.