■ James L. Melcher, Appellant, v Apollo Medical Fund Management L.L.C. et al., Respondents. [859 NYS2d 160]—

Orders, Supreme Court, New York County (Herman Cahn, J.), entered August 23, September 20, November 19 (two orders) and December 12, 2007, which denied plaintiff's motions, respectively, to stay the trial and strike the note of issue, to strike the answer as a spoliation sanction and grant a default judgment, for recusal, to disqualify defendants' trial counsel, and to strike the answer for alleged deceit by defendant Fradd and his counsel, and order, same court and Justice, entered October 22, 2007, which granted defendants' motion to quash plaintiff's subpoenas of their attorneys, unanimously affirmed, without costs.

Order, same court and Justice, entered December 14, 2007, which denied plaintiff's motion to vacate an oral directive to clone the hard drives of his business and personal computers, unanimously reversed, on the law and the facts, without costs, and the motion granted.

The court properly declined to recuse itself based on its son's employment as a new associate in the corporate department of the large law firm representing defendants in this litigation (*see Faith Temple Church v Town of Brighton*, 348 F Supp 2d 18 [2004]). The court had presided over the litigation for three

years, had decided numerous motions, and had directed the filing of a note of issue, distinguishing this case from another in which the court had granted a recusal motion when the case was still in its infancy.

Deceit warranting the striking of the answer was not conclusively demonstrated (*see 317 W. 87 Assoc. v Dannenberg*, 159 AD2d 245 [1990]). Whether the destruction of evidence was intentional or merely negligent presents an issue for the trier of fact (*see Taieb v Hilton Hotels Corp.*, 131 AD2d 257, 263 [1987], *appeal dismissed* 72 NY2d 1040 [1988]), and plaintiff failed to establish that without the evidence he would be unable to prove his case (*see Positive Influence Fashions, Inc. v Seneca Ins. Co.*, 43 AD3d 796 [2007]; *Tommy Hilfiger, USA v Commonwealth Trucking*, 300 AD2d 58, 60 [2002]).

Plaintiff failed to carry his burden of demonstrating, so as to warrant the disqualification of defendants' trial counsel, either that defendant Fradd's counsel lied (*see* Code of Professional Responsibility DR 7-102 [12 NYCRR 1200.33]) or that the attorneys' proposed testimony was necessary, since it would have been offered for the collateral purpose of impeachment (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 445 [1987]; *Talvy v American Red Cross in Greater N.Y.*, 205 AD2d 143, 152-153 [1994], *affd* 87 NY2d 826 [1995]). Similarly, the trial subpoenas seeking information for impeachment were improper (*see Fazio v Federal Express Corp.*, 272 AD2d 259 [2000]); since there was no showing of a crime or fraud, assertion of the attorney-client privilege was not precluded (*see Matter of Grand Jury Subpoena*, 1 AD3d 172, 173 [2003]).

In view of the absence of proof that plaintiff intentionally destroyed or withheld evidence, his assistant's testimony that she searched his computers, and the adequate explanation for the nonproduction of two items of correspondence, the court improperly directed the cloning of plaintiff's computer hard drives (*see Scotts Co. LLC v Liberty Mut. Ins. Co.*, 2007 WL 1723509, 2007 US Dist LEXIS 43005 [SD Ohio 2007]; *Menke v Broward County School Bd.*, 916 So 2d 8, 11-12 [Fla Dist Ct App 2005]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Nardelli, Buckley and Renwick, JJ. [*See* 2007 NY Slip Op 33802(U).]