Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered April 15, 2011, which, to the extent appealed from as limited by the briefs, upon granting the application of plaintiffs outgoing counsel for certain relief relating to an order rendered orally by the same court (Patricia Anne Williams, J.), on December 16, 2011, directed plaintiff to turn over seven *628 specified pages of the transcript of a sealed ex parte proceeding to defendants, unanimously affirmed, without costs.
In this personal injury action arising from a pedestrian knockdown, plaintiffs prior counsel moved for a hearing on the amount of the charging lien, if any, that the firm was entitled to. Opposing that motion, incoming counsel made allegations of misconduct, and argued that the alleged misconduct should result in prior counsel’s loss of any lien. At the close of a sealed ex parte hearing, at which plaintiff testified, Justice Williams determined that incoming counsel’s allegations were unfounded and directed that a hearing on the amount of prior counsel’s lien would be held at the resolution of the case. In subsequent motion practice, wherein outgoing counsel sought an order reducing Justice Williams’ oral directives to a signed order, defendants demanded a copy of the transcript, arguing that they were entitled to any information which may show that plaintiffs deposition testimony was inaccurate or incomplete.
Plaintiff did not waive her attorney-client privilege here by placing her communications “at issue” (see Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Trust, 43 AD3d 56, 63 [2007]). Plaintiffs communications with prior counsel were raised only in the context of a fee dispute between attorneys, which had nothing to do with her suit against defendants. Further, there is no evidence that plaintiff consented to, or was even aware of, incoming counsel’s ill-advised statements, made solely for the purpose of freeing the file of any charging lien, and not in furtherance of his client’s claim or interests.
Similarly, plaintiffs attorney-client privilege was not waived under the crime-fraud exception, since the motion court, following a hearing, determined that no such misconduct had occurred (see Melcher v Apollo Med. Fund Mgt. L.L.C., 52 AD3d 244 [2008]; Matter of Grand Jury Subpoena, 1 AD3d 172 [2003]). Any inquiry into whether the court improperly exercised its discretion in reaching that conclusion is precluded by the fact that this Court was not provided with a copy of the sealed transcript for review. It was defendants’ obligation, as appellants, to assemble a proper record on appeal, including taking the initiative to make the sealed transcript available to this Court (see CPLR 5526; Sebag v Narvaez, 60 AD3d 485 [2009], lv denied 13 NY3d 711 [2009]). Similarly, a determination as to whether third parties may have been present, defeating plaintiffs privilege, an argument defendants themselves admit is speculative, is impossible to reach absent a review of the transcript of the hearing.
Lastly, defendants’ argument that Justice Williams erred in *629 directing plaintiffs prior and incoming counsel to review the transcript to determine which portions should be disclosed to defendants is academic. On the instant motion, Justice Aarons reviewed the hearing transcript herself and directed which pages were to be exchanged. Her order added several pages of testimony to the four pages previously selected by plaintiff s counsel. Concur — Gonzalez, P.J., Tom, Andrias, Acosta and Freedman, JJ.