# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**338**

**CA 12-01225**

PRESENT: SCUDDER, P.J., FAHEY, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

KG2, LLC, DOING BUSINESS AS AURORA SALES &
SERVICE, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BRUCE WELLER, DOING BUSINESS AS AURORA
TRUCK SUPPLY COMPANY, DEFENDANT-APPELLANT,
ET AL., DEFENDANT.

---

EUGENE VINCENT BURKE, WILLIAMSVILLE, MAGAVERN MAGAVERN GRIMM LLP,
BUFFALO (SHARON STERN GERSTMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

LEWANDOWSKI & ASSOCIATES, WEST SENECA (ASHLEY J. LITWIN OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered December 28, 2011. The order, insofar as appealed from, granted in part plaintiff's motion for summary judgment.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the motion is denied in its entirety.

Memorandum: Plaintiff purchased its business from a seller that four years earlier had purchased the business from Bruce Weller, sued herein as Bruce Weller, doing business as Aurora Truck Supply Company (defendant). For approximately six years after plaintiff's purchase, Weller continued to lease to plaintiff the real property where the business was located. At the termination of the lease, plaintiff relocated approximately two miles away, and Weller resumed a business at the property with a similar name and trade. Plaintiff alleged in the complaint that defendant and another unknown defendant engaged in unfair competition based on trademark or trade name infringement and misappropriation of goodwill.

We agree with defendant that Supreme Court erred in granting that part of plaintiff's motion for partial summary judgment on liability on the first cause of action, for unfair competition, and in scheduling a trial on damages. "[T]o prevail in an unfair competition case, the plaintiff may prove either: (1) that the defendant's activities have caused confusion with, or have been mistaken for, the plaintiff's activities in the mind of the public, or are likely to cause such confusion or mistake; or (2) that the defendant has acted

unfairly in some manner" (104 NY Jur 2d, Trade Regulation § 196; *see generally Allied Maintenance Corp. v Allied Mech. Trades*, 42 NY2d 538, 543).  We conclude that the affidavit of plaintiff's owner in support of plaintiff's motion for summary judgment was merely conclusory and failed to establish the elements of the cause of action for unfair competition based on trademark or trade name infringement or misappropriation of goodwill (*see generally Cobrin v County of Monroe*, 212 AD2d 1011, 1012).  Indeed, the affidavit of plaintiff's owner set forth in a conclusory manner only that defendant's use of a similar trade name caused substantial confusion and that defendant acted in bad faith.  We note that the court concluded that the affidavit of plaintiff's owner alone, without resort to the attached exhibits, established liability on the cause of action for unfair competition by demonstrating that defendant caused "confusion among numerous customers."  However, the affidavit alone does not support the court's statement that plaintiff's owner received complaints from dissatisfied customers as a result of poor workmanship provided by defendant, and that plaintiff's owner established "through his affidavit" that there have been approximately 34 different incidents in which customers expressed confusion between plaintiff's business and defendant's business.  Rather, the exhibits attached to the affidavit as purported business records provide the information supporting that statement.

We agree with defendant that plaintiff "failed to establish a proper foundation for the admission of [those exhibits] under the business record exception to the hearsay rule" (*Palisades Collection, LLC v Kedik*, 67 AD3d 1329, 1330).  For a document to be admissible as a business record, it must be established that "it was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter" (CPLR 4518 [a]), and plaintiff's owner did not aver in his affidavit that the documents were records made in the regular course of business.  Also, the assertion of plaintiff's counsel that the exhibits were maintained in the regular course of business is insufficient both because the assertion is made for the first time on appeal and because plaintiff's counsel did not have "personal knowledge of the [record] maker's business practices and procedures" to establish the requisite foundation (*West Val. Fire Dist. No. 1 v Village of Springville*, 294 AD2d 949, 950).  Finally, plaintiff in support of its motion submitted only one affidavit of a customer, who asserted that he mistakenly called Aurora Truck Supply, i.e., defendant's business, and a representative there claimed to be plaintiff's owner.  We conclude that the circumstances of the confusion of that sole customer are insufficient to establish a claim of unfair competition as a matter of law (*see Camelot Assoc. Corp. v Camelot Design & Dev.*, 298 AD2d 799, 800).

Finally, we conclude with respect to the claim for misappropriation of good will as a basis for the unfair competition cause of action that plaintiff failed to make the requisite prima facie showing of both misappropriation of goodwill and bad faith (*see Abe's Rooms, Inc. v Space Hunters, Inc.*, 38 AD3d 690, 692-693).

In light of our determination that plaintiff failed to meet its burden on the motion, we need not address defendant's remaining contentions.