JOAN BANACH, Respondent-Appellant, v THE DEDALUS FOUNDATION, INC., Appellant-Respondent. BANTLE & LEVY LLP, Nonparty Respondent. [18 NYS3d 45]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered October 28, 2014, which, to the extent appealed from, denied defendant's motion to, among other things, reinstate and compel compliance with a subpoena ad testifican-

dum and duces tecum served upon plaintiff's counsel Bantle & Levy, and denied plaintiff's motion for discovery sanctions and to compel disclosure of certain documents and information, unanimously modified, on the law and the facts, to grant plaintiff's motion to compel disclosure, and otherwise affirmed, without costs.

The court properly refused to reinstate a subpoena that it had previously quashed, since the subpoena sought documents and testimony protected by the attorney-client privilege (*Bohn v 176 W. 87th St. Owners Corp.*, 106 AD3d 598, 600 [1st Dept 2013], *lv dismissed in part and denied in part* 22 NY3d 909 [2013]). The record shows that the subpoena sought information from plaintiff's counsel for the improper purpose of impeaching plaintiff (*see Melcher v Apollo Med. Fund Mgt. L.L.C.*, 52 AD3d 244, 245 [1st Dept 2008]). Moreover, defendant failed to show a sufficient basis for applying the crime-fraud exception to the attorney-client privilege (*see Matter of Grand Jury Subpoena*, 1 AD3d 172, 173 [1st Dept 2003]).

The court should have compelled disclosure of all materials and information requested by plaintiff, as the requested discovery is relevant to her defense of defendant's counterclaims (*see* CPLR 3101 [a]). Defendant waived its attorney-client privilege regarding the requested minutes of a board meeting, by using portions of those minutes during a deposition and by placing the contents of the minutes at issue (*see Drizin v Sprint Corp.*, 3 AD3d 388, 389-390 [1st Dept 2004]; *Orco Bank v Proteinas Del Pacifico*, 179 AD2d 390, 390 [1st Dept 1992]). Thus, plaintiff's request for disclosure of the full unredacted minutes of the meeting should have been granted.

Discovery sanctions against defendant are not warranted, as there was no prior order directing the exchange of the items sought, and no evidence of willful or contumacious conduct (*see Ayala v Lincoln Med. & Mental Health Ctr.*, 92 AD3d 542 [1st Dept 2012]).

We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Friedman, J.P., Acosta, Moskowitz, Richter and Feinman, JJ.