# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

370

CA 16-01302

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

CHRISTOPHER J. BURKE AND KAREN ANN BURKE,
PLAINTIFFS-RESPONDENTS,

V                                                  MEMORANDUM AND ORDER

ARCADIS G&M OF NEW YORK ARCHITECTURAL AND
ENGINEERING SERVICES, P.C., ARCADIS OF NEW
YORK, INC., ARCADIS U.S., INC., NIAGARA MOHAWK
ENERGY, INC., NIAGARA MOHAWK HOLDINGS, INC.,
NIAGARA MOHAWK POWER CORPORATION, NATIONAL GRID
ENGINEERING AND SURVEY INC., AEROTEK, INC.,
ROI STAFFING OF MASSACHUSETTS LLC, RESOURCE
OPTIONS, INC., DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.

---

LAWRENCE, WORDEN, RAINIS & BARD, P.C., MELVILLE (GAIL J. MCNALLY OF
COUNSEL), FOR DEFENDANTS-APPELLANTS ARCADIS G&M OF NEW YORK
ARCHITECTURAL AND ENGINEERING SERVICES, P.C., ARCADIS OF NEW
YORK, INC., AND ARCADIS U.S., INC.

THORN GERSHON TYMANN & BONANNI, LLP, ALBANY (MARSHALL BROAD OF
COUNSEL), FOR DEFENDANTS-APPELLANTS NIAGARA MOHAWK ENERGY, INC.,
NIAGARA MOHAWK HOLDINGS, INC., NIAGARA MOHAWK POWER CORPORATION,
NATIONAL GRID ENGINEERING AND SURVEY INC., AEROTEK, INC., ROI STAFFING
OF MASSACHUSETTS LLC, AND RESOURCE OPTIONS, INC.

ROSSI & ROSSI, NEW YORK MILLS (VINCENT J. ROSSI, JR., OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeals from an order of the Supreme Court, Onondaga County
(Anthony J. Paris, J.), entered October 2, 2015.  The order, among
other things, granted plaintiffs' motion to compel discovery.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by directing in the third ordering
paragraph that discovery responses from defendants-appellants are
required within 30 days of service of a copy of the order of this
Court with notice of entry, by striking from the fourth ordering
paragraph the language relating to privilege, and by vacating the
fifth ordering paragraph and as modified the order is affirmed without
costs.

Memorandum:  Defendants Arcadis G&M of New York Architectural and
Engineering Services, P.C., Arcadis of New York, Inc. and Arcadis

U.S., Inc. (Arcadis defendants) and defendants Niagara Mohawk Energy, Inc., Niagara Mohawk Holdings, Inc., Niagara Mohawk Power Corporation, National Grid Engineering and Survey Inc., Aerotek, Inc., ROI Staffing of Massachusetts LLC, and Resource Options, Inc. (Niagara Mohawk defendants) appeal from an order that, inter alia, granted plaintiffs' motion to compel discovery.

This action arises out of an injury sustained by Christopher J. Burke (plaintiff) while he was working in the Utica Harbor on a project to excavate hazardous materials.  Plaintiffs contend that the project was overseen by various entities, including defendants, and that the Arcadis and Niagara Mohawk defendants (collectively, defendants) were negligent in creating and implementing an unreasonably dangerous work plan and violated Labor Law § 200 by failing to provide plaintiff with a reasonably safe place to work, thereby causing injury to plaintiff's legs.

In August 2014, plaintiffs served their first set of discovery demands, which broadly requested materials that included "all correspondence" relating to the Utica Harbor project on which plaintiff was injured.  In October 2014, plaintiffs served a second set of discovery demands requesting additional documents, which were equally broad in scope.

In November 2014, the Arcadis defendants responded to plaintiffs' first and second set of discovery demands by producing some documents but objecting to many of plaintiffs' demands, including the demand for correspondence, as "overbroad, unduly burdensome, and not calculated to obtain discoverable material."  In response, plaintiffs sent a letter to all defendants noting that they received objections to the "breadth" of the demand for correspondence, and requesting that defendants supply them with a description of the correspondence that each defendant had in its possession.  On December 3, 2014, the attorney for the Arcadis defendants noted that they were under no obligation to provide plaintiffs with the material requested, and she declined to "correct a palpably bad discovery demand."

On December 30, 2014, plaintiffs sent defendants a notice to take the deposition of a person knowledgeable of the location, organization, identification, and form of defendants' records concerning the Utica Harbor project.  In early January 2015, defendants advised that they would not appear for depositions prior to plaintiff's deposition being taken.  Thereafter, plaintiffs sent a letter to the court on January 9, 2015, asking it to intervene and resolve the discovery dispute.  On February 4, 2015, the court sent a letter stating that defendants were correct concerning the priority of depositions and the breadth of plaintiffs' discovery demands and advising plaintiffs to tailor their demands to specify what was being sought.

On February 23, 2015, plaintiffs served a third set of discovery demands, wherein they requested 168 disclosures.  The Arcadis defendants responded to the third set of discovery demands on March 19, 2015, objecting to each demand as overbroad and unduly burdensome,

among other things, and indicating, in response to some of the demands, that they were searching their records to determine if any responsive documents existed.

On March 23, 2015, plaintiffs sent the Arcadis defendants a letter asking them to explain why their request was overbroad and unduly burdensome.  On April 18, 2015, plaintiffs sent defendants a letter indicating that responses to the third set of discovery demands were overdue, and requesting that defendants provide a response to the demands by May 1, 2015 "to avoid a motion."

On May 4, 2015, plaintiffs filed the instant motion to compel defendants to respond to the third set of discovery demands.  On May 22, 2015, the Arcadis defendants submitted a supplemental response to the third set of discovery demands, noting, where relevant, that they did not have any responsive documents in their possession, and attaching, where relevant, the responsive documents in their possession.  In response to plaintiffs' motion, the Arcadis defendants asserted that they had fully complied with and responded appropriately to all of plaintiffs' "onerous, overbroad, over-reaching, and improper demands."

In response to the motion, the Niagara Mohawk defendants argued that plaintiffs did not make a good faith effort to confer with counsel for the Niagara Mohawk defendants to resolve the discovery issues raised by the motion.  Shortly thereafter, the Niagara Mohawk defendants served plaintiffs with a number of documents in response to the discovery demands.

The matter was heard on August 5, 2015 and plaintiffs sent a proposed order to the court that granted plaintiffs' motion to compel discovery and indicated that, in the event that defendants did not comply with the discovery order by September 5, 2015, plaintiffs would be entitled to inspect defendants' records, among other things.  On August 11, 2015, the Arcadis defendants sent a letter to the court objecting to the proposed order as beyond the scope of the discussions held at the court conference, and beyond the scope of the remedy requested in plaintiffs' motion.  The Niagara Mohawk defendants also sent a letter to the court echoing the objections of the Arcadis defendants.  On September 29, 2015, the court issued an order granting plaintiffs' motion and adopting the language in plaintiffs' proposed order in its entirety, and defendants appealed.

We agree with defendants that the court abused its discretion in ordering them to deliver their discovery materials to plaintiffs' attorney on a date that preceded the date on which the order was issued (see generally Adams v Deloreto, 272 AD2d 875, 875-876).  We therefore modify the third ordering paragraph by requiring discovery responses from defendants within 30 days of service of a copy of the order of this Court with notice of entry.

We further agree with defendants that the court abused its discretion in ordering them to provide discovery without regard to privilege, inasmuch as "[t]he determination whether a particular

document is shielded from disclosure by the attorney-client privilege 'is necessarily a fact-specific determination' " (*Sevenson Envtl. Servs., Inc. v Sirius Am. Ins. Co.*, 64 AD3d 1234, 1236, *lv dismissed* 13 NY3d 893), and defendants have not engaged in any conduct that waived the attorney-client privilege (*cf. Banach v Dedalus Found., Inc.*, 132 AD3d 543, 544; *Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Trust*, 43 AD3d 56, 63-64).  We therefore further modify the order by striking the language concerning privilege from the fourth ordering paragraph.

The court further abused its discretion in awarding plaintiffs unfettered access to defendants' documents inasmuch as plaintiffs did not request such relief in their motion to compel and the relief granted is dramatically different from that which was actually sought (*see Tirado v Miller*, 75 AD3d 153, 158).  The court also erred in awarding plaintiffs attorney's fees, inasmuch as there is nothing in the record to suggest that defendants or their attorneys willfully refused to comply with plaintiffs' discovery demand or that defendants or their attorneys acted frivolously (*see Accent Collections, Inc. v Cappelli Enters., Inc.*, 84 AD3d 1283, 1284; *Davoli v New York State Elec. & Gas Corp.* [appeal No. 1], 248 AD2d 989, 989; *see also* 22 NYCRR 130-1.1).  We therefore further modify the order by vacating the fifth ordering paragraph.

Finally, we note that the Niagara Mohawk defendants failed to respond to plaintiffs' third set of discovery demands or otherwise produce documents in response until after the motion was made, and we therefore see no reason to address their contention that plaintiffs did not make a good faith effort to resolve the discovery dispute prior to the motion.

Entered:  April 28, 2017                      Frances E. Cafarell
                                              Clerk of the Court