Matter of Wang (2020 NY Slip Op 00055)





Matter of Wang


2020 NY Slip Op 00055


Decided on January 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2020

Kapnick, J.P., Webber, Singh, Moulton, JJ.


10715 2550

[*1] In re Estate of Chi-Chuan Wang, Deceased.
Shou-Kung Wang, Petitioner-Respondent,
v
Yien-Koo Wang King, Respondent-Appellant, Public Administrator of New York County, et al., Respondents.


Withers Bergman, LLP, New York (Chaya F. Weinberg-Brodt of counsel), for appellant.
Kamerman, Uncyk, Soniker & Klein P.C., New York (Akiva M. Cohen of counsel), for respondent.



Order, Surrogate's Court, New York County (Rita Mella, S.), entered on or about April 16, 2019, which denied respondent Yien-Koo Wang King's (King) motion to dismiss the petition to probate a codicil dated February 10, 2003, unanimously reversed, on the law, without costs, and the motion granted.
The petition to probate the February 10, 2003 codicil is barred by the doctrine of collateral estoppel (see Conason v Megan Holding, LLC, 25 NY3d 1, 17 [2015]). A jury found that petitioner and respondent Andrew Wang had engaged in fraudulent conduct and exerted undue influence on the decedent to induce him to eliminate respondent King as a beneficiary of his estate and increase the percentage bequeathed to them. This finding is dispositive of the issue of the validity of the codicil, the first document that embodied the changed testamentary plan and was the consummation of petitioner and Andrew's scheme. The trial evidence, which was accepted by the jury, demonstrated that petitioner and Andrew achieved their goal when the codicil was executed by the decedent and that the February 18, 2003 will was merely a more formal codification of the change in the testamentary plan. As the factual predicate for the finding of fraud and undue influence was petitioner's and Andrew's conduct preceding the execution of the codicil, the decedent's testamentary capacity at the time the codicil was executed does not affect the jury's independent alternative finding as to petitioner's and Andrew's conduct preceding the change in the decedent's testamentary plan (see Malloy v Trombley, 50 NY2d 46, 52 [1980]).
Petitioner's claim that he did not have a full and fair opportunity to litigate the issue of fraud and undue influence because he received ineffective assistance of counsel is insufficiently supported by his complaints about counsel's
performance, which amount to nothing more than disagreement with counsel's various strategic and tactical decisions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2020
CLERK