New York Tile Wholesale Corp. v Herrick Feinstein, LLP (2022 NY Slip Op 02999)





New York Tile Wholesale Corp. v Herrick Feinstein, LLP


2022 NY Slip Op 02999


Decided on May 4, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2021-00956
 (Index No. 515280/18)

[*1]New York Tile Wholesale Corp., etc., appellant,
v
Herrick Feinstein, LLP, respondent, et al., defendants; Thomas Fatato Realty Corp., et al., nonparties.


Feder Kaszovitz, LLP, New York, NY (Murray L. Skala and Bruce Robins of counsel), for appellant.
Pillsbury Winthrop Shaw Pittman, LLP, New York, NY (David G. Keyko and Jay D. Dealy of counsel), for respondent.
Harris Beach, PLLC, White Plains, NY (Darius P. Chafizadeh and Doreen Klein of counsel), for nonparties Thomas Fatato Realty Corp. and Garden Estates, LLC.



DECISION & ORDER
In an action, inter alia, to recover damages for a violation of Judiciary Law § 487, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated January 4, 2021. The order denied the plaintiff's motion pursuant to CPLR 3124 to compel the defendant Herrick Feinstein, LLP, to produce certain documents withheld on the basis of the attorney-client and/or work product privileges.
ORDERED that the order is affirmed, with one bill of costs to the respondent.
In 1986, the plaintiff entered into a lease agreement with nonparty Thomas Fatato Realty Corp. (hereinafter Fatato) to lease a portion of certain commercial property in Brooklyn. In December 2001, the plaintiff commenced an action against Fatato, among others, inter alia, to recover damages for an alleged breach of the right of first refusal provision of the lease (hereinafter the 2001 action). In October 2010, the plaintiff commenced this action, among other things, to recover damages for a violation of Judiciary Law § 487, against, among others, the defendant Herrick Feinstein, LLP (hereinafter Herrick), the law firm that represented the defendants in the 2001 action, alleging that Herrick colluded with its clients in the 2001 action to falsify documents in order to deceive the court in that action.
During discovery, Herrick objected to certain demands by the plaintiff on the ground that the documents sought were protected by the attorney-client and/or work product privileges. The plaintiff moved pursuant to CPLR 3124 to compel the production of the objected to documents, arguing that documents which might otherwise be privileged were discoverable under the crime-fraud exception. In the alternative, the plaintiff sought an in camera review of the documents in question. In an order dated January 4, 2021, the Supreme Court denied the motion. The plaintiff appeals.
"[C]ommunications that otherwise would be protected by the attorney-client privilege [*2]or the attorney work product privilege are not protected if they relate to client communications in furtherance of contemplated or ongoing criminal or fraudulent conduct" (In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983, 731 F2d 1032, 1038 [2d Cir]; see United States v Zolin, 491 US 554, 563). "A party seeking to invoke the crime-fraud exception must demonstrate that there is a factual basis for a showing of probable cause to believe that a fraud or crime has been committed and that the communications in question were in furtherance of the fraud or crime" (Matter of New York City Asbestos Litig., 109 AD3d 7, 10-11 [internal quotation marks omitted]; see South Shore D'Lites, LLC v First Class Prods. Group, LLC, 193 AD3d 471; Matter of Grand Jury Subpoena, 1 AD3d 172).
"[A] lesser evidentiary showing is needed to trigger in camera review than is required ultimately to overcome the privilege" (United States v Zolin, 491 US at 572 [emphasis omitted]; see Matter of New York City Asbestos Litig., 109 AD3d at 11). "To permit in camera review of the documents to analyze whether the communications were used in furtherance of such wrongful activity, there need only be 'a showing of a factual basis adequate to support a good faith belief by a reasonable person that in camera review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies'" (Matter of New York City Asbestos Litig., 109 AD3d at 11, quoting United States v Zolin, 491 US at 572).
Here, the plaintiff failed to make the requisite evidentiary showing to warrant either application of the crime-fraud exception or in camera review by the Supreme Court. Accordingly, the court properly denied the plaintiff's motion pursuant to CPLR 3124 to compel Herrick to produce certain documents withheld on the basis of the attorney-client and/or work product privileges (see Brook v Peconic Bay Med. Ctr., 162 AD3d 503, 504; Banach v Dedalus Found., Inc., 132 AD3d 543, 544).
BRATHWAITE NELSON, J.P., CHAMBERS, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court