Perrotte v Bloomberg L.P. (2025 NY Slip Op 02046)

Perrotte v Bloomberg L.P.

2025 NY Slip Op 02046

Decided on April 08, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 08, 2025

Before: Renwick, P.J., Kapnick, Shulman, Rodriguez, Rosado, JJ. 

Index No. 451470/20|Appeal No. 4061|Case No. 2024-03283|

[*1]Haley Perrotte, Plaintiff-Respondent-Appellant,
v
Bloomberg L.P., et al., Defendants-Appellants-Respondents, "John Does" 1-10, Defendants.

Proskauer Rose LLP, New York (Elise M. Bloom of counsel), for appellants-respondents.
Law Office of Niall MacgiollabhuÍ, New York (Niall MacgiollabhuÍ of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Leslie Stroth, J.), entered on or about April 19, 2024, which denied plaintiff's motion to compel defendant Bloomberg L.P. to produce documents and denied Bloomberg's motion to compel plaintiff to produce her cell phone, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying plaintiff's motion to compel production of all internal complaints of sexual harassment, sex discrimination, hostile work environment, and retaliation made from 2016 to present against approximately 160 male managers working in its Sales and Analytics Department (see Andon v 302-304 Mott St. Assocs., 94 NY2d 740, 746 [2000]; Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]). Bloomberg previously produced the records concerning plaintiff's four direct managers for a period commencing two years prior to the date of her employment. Records concerning complaints made against other managers both before and after plaintiff worked at Bloomberg are not relevant to her claims here.
The court also providently exercised its discretion in denying Bloomberg's motion to compel plaintiff to produce her cell phone for forensic review by a third-party vendor because Bloomberg presented no evidence that plaintiff's prior production of her text messages was incomplete or that she intentionally withheld or destroyed evidence (see Melcher v Apollo Med. Fund Mgt. L.L.C., 52 AD3d 244, 245 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 8, 2025